**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Kenneth Henin,                               Civ. No. 19-336 (PAM/BRT)

    Plaintiff,

v.                                           **ORDER GRANTING MOTION FOR
                                             STAY OF PROCEEDINGS**

Soo Line Railroad,

    Defendant.

This case was filed following the termination of Plaintiff from his employment as a train conductor. After his termination, Plaintiff filed a complaint with the Department of Labor—OSHA—alleging that his dismissal was in retaliation for reporting alleged hazardous safety concerns and an injury. OSHA dismissed the complaint, and Plaintiff appealed the dismissal to an Administrative Law Judge, who on January 11, 2019, also dismissed Plaintiff's claims.

On January 28, 2019, Plaintiff filed a Petition for Review with the Administrative Review Board, seeking review of the ALJ's January 11, 2019 Order. Defendant interjected with a motion to dismiss the petition, arguing that pursuant to 29 C.F.R. § 1982.110 Plaintiff untimely filed his petition outside of the fourteen-day deadline. The Administrative Review Board granted Defendant's motion. Plaintiff then moved for reconsideration, arguing that the period to file his petition was extended by three days due to Federal Rule of Appellate Procedure 26(c), and arguing also that he lacked sufficient time to file the appeal because he received the January 11, 2019 decision on January 22, 2019. The Administrative Review Board granted reconsideration, reversed

course, and found that Plaintiff's petition was timely filed. On April 9, 2019, Defendant appealed the Administrative Review Board's decision to the Eighth Circuit. The Eighth Circuit case is currently pending; full briefing was completed on August 8, 2019.

After Plaintiff filed a Petition for Review with the Administrative Review Board, seeking review of the ALJ's January 11, 2019 Order, he also filed a Complaint with this Court on February 11, 2019. (Doc. No. 1.) On February 28, 2019, Defendant filed a Motion to Dismiss; that motion remains pending. (Doc. No. 9.) A Pretrial Scheduling Order has not yet been entered in the case.

This matter is now before the Court on Defendant's Motion to Stay Proceedings. (Doc. No. 17.) Specifically, Defendant requests that all proceedings in this matter be stayed pending resolution of the issues currently on appeal with the Eighth Circuit Court of Appeals in Appellate Court File No. 19-1739. Defendant asserts that the Eighth Circuit will decide whether Plaintiff timely appealed the ALJ's Order dismissing his claims, and if the Eighth Circuit concludes that Plaintiff did not timely appeal, then the ALJ's order became the final order of the Secretary of Labor and this Court does not have jurisdiction to review Plaintiff's asserted claims here. (Doc. No. 19, Def.'s Mem. of Law in Supp. of its Mot. to Stay Proceedings 1.) Defendant requests a stay so the Court can benefit from the Eighth Circuit's ruling, arguing that a ruling would be dispositive and could be determinative of whether the Court has jurisdiction, and would conserve resources without prejudicing Plaintiff. (*Id.* at 5–8.) Plaintiff, however, contends that the Administrative Review Board's ("ARB") decision is unlikely to be disturbed and that

Defendant has failed to demonstrate likelihood of success on appeal. (Doc. No. 23, Pl.'s Mem. of Law in Opp'n to Def.'s Mot to Stay Proceedings 2.)

A hearing was held before this Court on the matter on June 21, 2019. (Doc. No. 27.) Based on the file, submissions, and argument from counsel, the Court grants Defendant's motion for the following reasons.

Whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 n.6 (8th Cir. 1979) (*quoting Landis*, 299 U.S. at 254).

The standard factors weighed in this District on a motion to stay proceedings based on the outcome of other cases on appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Robinson v. Bank of America*, No. 11-2284 (MJD/LIB), 2012 WL 2885587, *1 (D. Minn. July 13, 2012) (including likelihood of success on the merits and prejudice to the parties as factors to consider on a motion to stay proceedings based on the outcome of cases on appeal) (citing *Hilton*, 481 U.S. at 776). Other

3

"[f]actors relevant to the district court's consideration when determining whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and providing for the just determination of cases pending before the court." *Edens v. Volkswagen Group of Am., Inc.*, No. 16-cv-0750 (WMW/LIB), 2016 WL 3004629, at *1 (D. Minn. May 24, 2016) (citing *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964–65 (D. Minn. 1998)).[1]

Applying the factors, a stay in this case is warranted. First, a stay will simplify disputed issues about jurisdiction and conserve judicial resources. If a stay is not implemented at this juncture, this Court would proceed to address the pending motion to dismiss, which may prove moot if this Court is found to not have jurisdiction, wasting judicial resources. Entering a stay also allows this Court to avoid making an inconsistent ruling with the Eighth Circuit and will clarify what issues, if any, remain for resolution after the Eighth Circuit's decision. Following the stay, the scope of discovery and timelines within the case schedule can be better crafted.

In addition, Plaintiff will not be unduly prejudiced by the stay. This case is in its early stages, and Plaintiff previously litigated the issue at the administrative level for more than three years before seeking and obtaining the right to sue in district court. In

---

[1] The case primarily relied on by Defendant—*Busch v. Bluestem Brands, Inc.*, No. 16-cv-0644, 2017 WL 5054391 (D. Minn. Feb. 22, 2017)—presented a different procedural posture than this case and was decided based on the specific facts of that case. Also, there the appeal was from a decision made by the very same court and in the same case as the court deciding the stay motion.

fact, Plaintiff made no argument as to any prejudice he might incur in his brief. Defendant, on the other hand, asserts that the parties and the Court risk expending unnecessary time and resources without a stay if it is found that this Court does not have jurisdiction over the matter. Plaintiff mentions in his brief that a stay "will delay the case for a year or more, and defendant may appeal to a higher court after losing at the Eighth Circuit." (Doc. No. 23 at 7.) However, the parties have confirmed that briefing before the Eighth Circuit is now complete. (Doc. No. 28.) And a stay entered now is not indefinite. The Court will only grant a stay through the Eighth Circuit's decision. After the Eighth Circuit's decision, the Court will revisit the stay's scope. Furthermore, if this case does not resolve and continues following the stay, a scheduling order can be promptly entered to ensure a just, speedy, and inexpensive determination of this action consistent with Rule 1 of the Federal Rules of Civil Procedure. This factor favors a stay.

The last factor—likelihood of success—on the issue of whether Plaintiff timely appealed the order issued by the Administrative Law Judge, weighs in Plaintiff's favor, especially based on the ARB's discretion and decision finding that the underlying order was inexplicably and incorrectly dated, and when considering the correct date, finding the petition for review timely filed. This factor, however, is the only factor that weighs in Plaintiff's favor. All of the other factors, including the strong interest in providing for a just determination of the Court's cases, weigh in favor of a stay. Therefore, the Court finds that a limited stay until the Eighth Circuit issues its decision is appropriate.

# ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Stay Proceedings (Doc. No. 17) is **GRANTED** consistent with the provisions in this Order;

2. Counsel for Defendant shall notify the Court in writing within **7 days** of the resolution, through decision or otherwise, of the issues currently on appeal before the Eighth Circuit (Appellate Court File No. 19-1739) and shall, at that time, request a status conference for the purpose of discussing the lifting of the stay and any related scheduling or procedural matters;

3. Counsel for Defendant shall file a letter withdrawing its pending Motion to Dismiss (Doc. No. 9) without prejudice to refiling once the stay is lifted;

4. If the Eighth Circuit has not issued its decision on the administrative appeal by March 1, 2020, a status conference will be held on March 6, 2020.

Dated: August 9, 2019

*s/ Becky R. Thorson*
BECKY R. THORSON
U.S. Magistrate Judge