# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH HENIN, | ) |
|            Plaintiff, | ) NO. 0:19-cv-336 |
| v. | ) **PLAINTIFF'S BRIEF IN** |
| | ) **OPPOSITION TO DEFENDANT'S** |
| SOO LINE RAILROAD, | ) **MOTION TO STAY OR MODIFY** |
| | ) **PORTIONS OF THE PRETRIAL** |
|            Defendant. | ) **SCHEDULING ORDER** |

Both of defendant's motions are unauthorized and should be summarily denied before more time is wasted. The Court already denied defendants request to move for summary judgment before discovery. In the Pretrial Scheduling Order dated April 13, 2021, the Court stated that "defendant now requests a continued stay until a newly filed dispositive motion is decided by the District Court. Specifically, Defendant believes it Motion to Dismiss or Alternatively Summary Judgment should be decided before Defendant has to engage in any pretrial discovery." The Court denied this request. The Order clearly states that "the deadline for dispositive motions will be set at a later time. For planning purposes, this deadline will be set approximately **two months** following the close of fact discovery (and expert discovery)." (emphasis in original) The Order unequivocally forbids Rule 56 motions prior to discovery, but does permit defendant to file a letter brief of no more than three pages explaining why discovery should not be allowed:

> "No party shall bring a dispositive motion pursuant to FRCP 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting for the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time.".

Instead of following the Order and filing a 3-page letter brief, defendant went ahead and filed a 34-page summary judgment brief, with affidavits and a whopping 509 pages of exhibits on April 21, 2021.  (Doc 55) Two days later, defendant filed an 18-page brief for a "Motion to Stay or Modify Portions of the Pretrial Scheduling Order" with affidavits and another 105 pages of exhibits. (Doc 58-2).  In both briefs, defendant essentially makes the same arguments.  It is difficult to separate out the authorized Rule 12 arguments from the unauthorized Rule 56 arguments.  Both motions should be summarily denied.

Because defendant has disregarded the Order with both motions, we should not be obligated to respond to the either the Motion to Stay brief or Summary Judgment/Rule 12 brief.  Nor should we be obligated to analyze the 614 pages of exhibits.  The April 13, 2021 Pretrial Scheduling Order states that if defendant does file a three-page letter request, "the other party or parties may file brief letters in support of or in response to a request."  We therefore will limit this response brief to three pages. We incorporate by reference the Rule 56(d) Affidavit of Keith Ekstrom which is filed in opposition to both of defendant's improper motions.

In both briefs, Defendant incorrectly argues that there is no need for discovery due to "the existence of an already fully developed administrative record", "unlike most cases that are early in its proceedings and which lack discovery, a multi-year record already exists and thus is ripe for dismissal", etc.  There is no "multi-year record."  There was a 4-month discovery period followed by an immediate summary judgment motion in the ALJ case, and then the ALJ sat on the summary judgment motion for 2 years.  Defendant argues that any statements in plaintiff's ALJ brief based on this record are res judicata.  Defendant cites no authority for this argument.

Defendant complains that the "triggering events" carefully crafted by this court to prevent such gamesmanship and time-wasting "prematurely granted the relief Henin claims he intends to

seek through a Rule 56(d) motion." No Rule 56(d) motion was needed. Rule 56(d) requires that the nonmovant "show by *affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition." There was no need for the Rule 56(d) affidavit until defendant disobeyed the Order and filed the briefs. Following receipt of defendant's unauthorized motion, plaintiff's Rule 56(d) affidavit has now been filed.

Defendant's two motions are just another effort to deprive plaintiff of the right to take depositions of management employees. As shown in plaintiff's Rule 56(d) Affidavit, management employees Mark Redd, Amanda Cobb, Justin Dittrich-Bigley, and Christin Marier were not even disclosed as witnesses until *after the close of the four-month discovery* period in the ALJ case. Redd apparently was the top decision-maker and knew about plaintiff's injury report when he decided to terminate plaintiff. Ken Henin does not know Redd. The ALJ's Order granting summary judgment was based primarily on the unverified affidavit of Mark Redd, a resident of Canada, over plaintiff's objection that credibility cannot be judged from affidavits. In these retaliatory discharge cases, this railroad is very experienced at creating a non-discriminatory reason for the termination on paper. That is in part why Congress imposed a clear and convincing burden of proof on railroads seeking to justify firing workers who are injured or who are whistleblowers. With this high burden, credibility is particularly important and paper is less so.

Defendant has the nerve to argue that this Court's Scheduling Order "irreparably harms and creates significant hardships and inequity for CP, squanders resources and, in essence, denies CP the rightful opportunity to move for summary judgment on the merits." The unauthorized motions filed by this very savvy litigant has required expenditure of over 15 hours of attorney's time in responding. An award of attorney's fees is in order, and plaintiff seeks permission to make such a motion.

3

Dated: May __6__, 2021.                Respectfully submitted,

                                       BREMSETH LAW FIRM, PC


                                       */s/Keith E. Ekstrom*
                                       _____
                                       Keith E. Ekstrom
                                       Fredric A. Bremseth
                                       601 Carlson Parkway, Suite 1050
                                       Minnetonka, MN  55305
                                       (952)475-2800
                                       kekstrom@bremseth.com
                                       fbremseth@bremseth.com