# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH HENIN, | NO. 0:19-cv-336 |
| Plaintiff, | |
| v. | AFFIDAVIT OF |
| | KEITH EKSTROM |
| SOO LINE RAILROAD, | PURSUANT TO FRCP 56(D) |
| Defendant. | |

STATE OF MINNESOTA )
                                )ss
COUNTY OF HENNEPIN )

Keith E Ekstrom, being duly sworn upon oath, states as follows:

1. I make this affidavit in response to Defendant's Motion for Summary Judgment and Motion to Prevent Discovery. Plaintiff cannot present facts essential to justify his opposition without conducting discovery and moves the Court to deny both motions.

2. Per FRCP 56(d) plaintiff herein specifies reasons for the relief requested.

3. The ALJ proceedings are very different than a lawsuit in Federal Court. There is no jury, and there was only a very brief 4-month discovery period afforded by the ALJ, followed by an immediate summary judgment motion filed by Soo Line on the day discovery closed.

4. There was a very limited opportunity to conduct discovery in the ALJ case. The ALJ issued an Initial Prehearing Order on December 15, 2016. That Order obligated the parties, in bold lettering, to "complete all discovery **no less than 30 days before the hearing.**" (Exhibit A) The hearing was scheduled to occur on May 16, 2017. There was only 4 months for discovery.

1

5. The Order required the parties to provide Initial Disclosures of all witnesses. Defendant Soo Line served Respondent's Initial Disclosures on January 25, 2017. (Exhibit B) Respondent omitted the two management officials who later provided affidavits for their summary judgment motion. Mark Redd was the General Manager Operations, US West Region. Redd is the management officer who allegedly made the decision to terminate Ken Henin. Justin Dittrich-Bigley is Manager of Labor Relations with Soo Line. The first time Redd and Dittrich-Bigley were disclosed was on April 19, 2017, after the close of discovery, in Respondent's Trial Witness List. (Exhibit C).

6. Soo Line submitted Affidavits of Redd and Dittrich-Bigley in their Motion for Summary Decision on April 21, 2019, after discovery was closed. (Exhibit D and E) We objected that credibility and demeanor cannot be evaluated on paper. (Exhibit F, page 2) Despite objection to affidavit testimony by these previously undisclosed witnesses, the ALJ relied almost entirely on Redd's affidavit in granting summary judgment. (Exhibit G, Order dated January 11, 2019) The ALJ held that Redd "considered all the facts and evidence in the record". The ALJ held that "Mr. Redd did not consider any report by Complainant of a hazardous safety condition or security condition in making his decision to terminate Complainant." Finally, the ALJ held that while Redd was aware of Henin's injury report (upon which termination was based), it played no part in his decision to terminate though the affidavit does not say this.

7. There was no opportunity to take depositions of these crucial undisclosed witnesses prior to the motion for summary judgment and prior to Respondent's Witness List, which were both filed after the close of discovery.

8. In their Witness List, Respondent disclosed that witnesses Redd, Jared and Strahlman were "based in Canada and may need to appear by telephone or video conference." (Exhibit C) Tom Jarad is a frequent witness in many 49 USC 20109 cases. He was a key decision maker in Henin's termination. Despite the claim of unavailability Jared testified live at the trial of Helgeson v Soo Line on June 8, 2017 in Minneapolis. The ALJ Natalie Appetta issued a 72-page Decision and Order in the Helgeson case on April 25, 2019. The ALJ devoted a portion of her Order to evaluation of credibility of the witnesses who testified live at trial, which she was obligated to do. The ALJ held that Tom Jared was not credible: "I observed Jared's demeanor throughout his testimony and found him to be somewhat squeamish or timid throughout. He often looked down during questioning on both direct and cross. His voice was soft and mumbled at times, and was asked by me at least once, if not more, to speak up, despite the fact that he was sitting next to me. (Transcript, p. 627) This demeanor during questioning made his credibility suspect, and coupled with his testimony and some inconsistencies, leads me to determine he was the least credible of all witnesses. I found parts of Jared's testimony not credible and inconsistent with the record...CP needed an "unbiased "hearing officer, so Jared was brought in to conduct it. (TR 627) Such actions undermine his testimony that he did not know about Helgeson's report of a hazardous condition.;" (Exhibit H, excerpts from ALJ's 2019 Order)

9. In our briefs opposing summary judgment, we repeatedly argued that credibility cannot be determined by affidavits. The ALJ acknowledged that "Complainant also argues that summary decision is inappropriate in a situation such as this one in which credibility is at issue (Brief pages 8-10)." (Exhibit G, page 2). Nevertheless, the ALJ held that "in the absence of any evidence of improper retaliatory intent, no reasonable factfinder could

3

conclude that Complaint's supervisors intentionally retaliated against him." (Exhibit G, page 5)

10. In our April 21, 2017 brief in response to the summary judgment motion, we repeatedly objected that credibility cannot be determined on paper. We cited cases so holding. (Exhibit I, Section 2, pages 14-17) "Proof on paper of plaintiff's alleged violation of rules does not mean defendant wins summary judgment on the issue of retaliatory discharge. If this were the case, employees would always lose – they usually only have their own testimony and that of a coworker, which the railroad has a vast legal and claims department tasked with neutralizing this type of claim." (Exhibit I, page 13)

11. In our October 17, 2017 response brief, we again strenuously objected that credibility in termination cases cannot be decided on paper. (Exhibit F) The defendant railroad faces a clear and convincing burden of proof in defending 49 USC 20109 cases. Plaintiff cannot cross-examine an affidavit, particularly of a witness who is not disclosed until after the close of discovery. We cited <u>Anderson v Liberty Lobby</u>, 477 US 242, 255 (1986), where the Supreme Court articulated why credibility is so important in these cases where the defendant has a burden of proving lack of retaliation by clear and convincing evidence: "Our holding that the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions."

12. We objected to the affidavit of Redd, stating "While respondent has submitted 40 pages of brief and hundreds of pages of exhibits, the only actual evidence submitted by respondent

4

justifying the termination is one sentence in the 8-paragraph affidavit of Mark Redd stating that Mr. Henin was fired based on "the severity of the incidents." (Exhibit F, page 2)

13. In the present motion for summary judgment, defendant has submitted over six hundred pages of paper, but the only evidence from the apparent decision maker is this same Redd affidavit. Plaintiff should be afforded the opportunity which all litigants have in Federal District Court to conduct discovery, including requests for documents, interrogatories, requests for admissions, and depositions of all management personnel involved in the decision to end Mr. Henin's career. These include Mark Redd, General Manager Operations, US West Region, Justin Dittrich-Bigley, Manager of Labor Relations with Soo Line, Amanda Cobb, Human Resources, and Christine Marier, Labor Relations. **These four decision-maker witnesses were not disclosed by Soo Line in the ALJ case until after the close of discovery in their Trial Witness List dated April 19, 2017.** (Exhibit C) We also need to take the deposition of Tom Jared, the Supervisor who the ALJ held was dishonest and not credible after hearing his testimony in the Helgeson case. Denying plaintiff the right to take these depositions and conduct paper discovery prevents plaintiff from presenting facts essential to justify his opposition to defendant's summary judgment motion.

FURTHER YOUR AFFIANT SAITH NOT.

Dated: May 6, 2021

_____
Keith E. Ekstrom

Subscribed and sworn to before
me this 6th day of May, 2021.

_____
Notary Public

BARBARA L. NAFSTAD
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2025