# UNITED STATES DEPARTMENT OF LABOR
# OFFICE OF ADMINISTRATIVE LAW JUDGES

| | |
|---|---|
| Kenneth Henin, | OALJ Case No. 2017-FRS-11 |
| Complainant, | Administrative Law Judge William T. Barto |
| v. | OSHA Case No. 5-4760-15-025 |
| Soo Line Railroad Company d/b/a Canadian Pacific, | **RESPONDENT'S INITIAL DISCLOSURES** |
| Respondent. | |

TO: Complainant and his attorneys, Keith E. Ekstrom, Bremseth Law Firm, 601 Carlson Parkway, Suite 995, Minnetonka, MN 55305

Pursuant to 29 C.F.R. § 18.50(c)(1) and this Court's Notice of Hearing and Initial Pre-Hearing Order dated December 15, 2016, Respondent Soo Line Railroad Company d/b/a Canadian Pacific ("CP" or "Respondent") provides the following initial disclosures based on information now reasonably available.[1] This matter is in its initial stages and Respondent reasonably anticipates that further information may be uncovered as discovery progresses including, but not limited to, additional documents, further potential witnesses, and further information underlying Respondent's defenses and denials of Complainant's claims. These disclosures will be supplemented as necessary in accordance with 29 C.F.R. Part 18 and the Court's Order. Respondent reserves all

---

[1] Due to the holidays and work travel, Respondent's in-house legal counsel only first received notice of the ALJ scheduling order January 10, 2017. Counsel retained for Respondent at this time has submitted their Notices of Appearance and can be served as attorneys of record proceeding forward.

131391970.1



1/25/17

objections with respect to the admissibility of this preliminary disclosure and the matters contained herein including, without limitation, objections based upon the attorney-client privilege, work product doctrine and relevance. Respondent serves these disclosures pursuant to Court order and subject to these objections and without waiving same.

By making these disclosures, Respondent does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this matter. Respondent does not waive its right to object to production of any document or tangible thing disclosed on the basis of any privilege, work product doctrine, irrelevance, hearsay, undue burden or other valid objection. Rather, these initial disclosures represent a good faith effort to identify information it reasonably believes is discoverable and is relevant to the factual dispute alleged with particularity in the pleadings as required by the applicable regulations and the Court's Order.

Respondent reserves the right to supplement these initial disclosures as additional information becomes available. All of the disclosures set forth below are made with express reservation of any and all denials and defenses, including affirmative defenses, and subject to the enclosed objections, reservations and qualifications.

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

| Name | Subject Matter(s) |
|---|---|
| Kenneth Henin<br>*Complainant* | Expected to have knowledge regarding all allegations in the FRSA Complaint filed with OSHA and transmitted to CP under cover letter dated June 24, 2015 and alleged claims asserted therein. |
| Tom Jared<br>*Superintendent St. Paul Road*<br>Soo Line Railroad Company d/b/a/ Canadian Pacific<br>*Contact through counsel* | Expected to have knowledge relating to conversations in which Mr. Henin alleged to have made "unsafe condition reports" in March 2015 and May 8, 2015; Mr. Henin's disrespectful and unprofessional behavior on May 8, 2015; facts supporting denials of allegations in the FRSA Complaint, and CP's affirmative defenses. |
| Michael Strahlman<br>*Trainmaster*<br>Soo Line Railroad Company d/b/a/ Canadian Pacific<br>*Contact through counsel* | Expected to have knowledge relating to Mr. Henin's disrespectful and unprofessional behavior on May 8, 2015; Mr. Henin's report of alleged incident and injury on May 10, 2015; the separate hearings held at 9:00a.m. and 2:00p.m. on May 28, 2015 respectively under the applicable collective bargaining agreement, facts supporting denials of allegations in the FRSA Complaint, and CP's affirmative defenses. |
| Jeff McInnis<br>*Road Foreman – St. Paul*<br>Soo Line Railroad Company d/b/a/ Canadian Pacific<br>*Contact through counsel* | Expected to have knowledge relating to separate hearings held at 9:00a.m. and 2:00p.m. on May 28, 2015 respectively under the applicable collective bargaining agreement and at both of which he served as hearing officer, facts supporting denials of allegations in the FRSA Complaint, and CP's affirmative defenses. |

131391970.1

| Name | Subject Matter(s) |
|---|---|
| Rodney McCorkle<br>*Manager of Rules – U.S. Operations*<br>Soo Line Railroad Company d/b/a/ Canadian Pacific<br>*Contact through counsel* | Expected to have knowledge relating to the 9:00a.m. hearing held on May 28, 2015 under the applicable collective bargaining agreement and at which he served as carrier witness; facts supporting denials of allegations in the Complaint, and CP's affirmative defenses. |
| Labor Relations Officer(s)<br>Soo Line Railroad Company d/b/a/ Canadian Pacific<br>*Contact through counsel* | Expected to have knowledge relating to review following CBA hearing and decision to dismiss Complainant; Complainant's labor appeal/grievances; knowledge regarding the application, terms and interpretation of the governing collective bargaining agreement; facts supporting denials of allegations in the FRSA Complaint, and CP's affirmative defenses. |
| Other individuals and/or managers who provided testimony at the relevant CBA hearings and individuals involved in multi-level review process and decision-making following CBA hearing(s) | Potentially all issues as described in this category. |
| Other individuals identified, named or referred thereto in discovery through pleadings or discovery by either Complainant, Respondent, or other third-party discovery including, but not limited to, documents produced, disclosures, depositions, interrogatory responses, responses to document requests and/or requests for admissions, affidavits, declarations, stipulations, expert discovery, third-party discovery including, but not limited to, doctors and treating providers identified and/or involved with in connection with medical records produced and content therein. | Potentially all issues. |

4

131391970.1

The above-listed individuals may have knowledge of additional subject matters which relate to the Complainant's allegations and/or Respondent's defenses. Witnesses identified above who are managers or agents of Respondent (or were during time period in connection with the Complaint) should be contacted through defense counsel only. Discovery is ongoing. Titles identified for the individuals listed below are the individuals' respective job title as of the time period pertaining to the claims and allegations asserted in the FRSA Complaint. Respondent reserves the right to supplement these disclosures as the case progresses.

Respondent may also use discoverable information to support its claims and defenses from individuals identified in the Initial Disclosures of Complainant to this action and as supplemented thereto, in any pleading filed in this matter or any supporting documents, declarations thereto, or in any discovery in this action. Respondent expressly incorporates herein by reference the names of any persons disclosed by any party to this action, including Complainant, through disclosures, discovery, answers to interrogatories, responses to requests for production of documents or for admission, deposition testimony, pleadings, motions, affidavits, declarations or otherwise. Respondent reserves the right to call any and all additional witnesses identified through supplementation, or during investigation or identified or disclosed in discovery.

The enclosed disclosures including any and all information provided herein are being provided subject to and without waiver of any and all denials and defenses including any and all affirmative defenses asserted in pleadings and as the case progresses. A statement, for instance, of information a witness may have knowledge of

1313919701

or documents described below does not mean Respondent believes such information is relevant, discoverable or is not otherwise subject to defenses including, but not limited to, that such issue is not properly before the court or is otherwise barred or precluded by one or more defenses.

Respondent reserves the right to correct, amend, revise and/or supplement these disclosures as necessary and as the case progresses.

**(B) A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Respondent identifies the following categories or types of documents subject to and without waiver of any position that Respondent asserts and subject to and without waiver of any objections including, but not limited to, relevance, undue burden, overbreadth, any and all denials, affirmative defenses, attorney-client privilege and/or work product doctrine:

1. Complainant's Personnel File.

2. Complainant's Health Services File.

3. Hearing notice(s), hearing investigation transcript and exhibits, and decision issued following hearing(s) conducted on May 28, 2015 pursuant to the applicable governing collective bargaining agreement, and documents evidencing any labor grievance/appeal therefrom, including CP's responses to any such grievances/appeals;

4. Applicable or relevant rules, notices or procedures including, but not limited to, the following as pertain to Complainant's employment:

    a. General Code of Operating Rules ("GCOR");

    b. Safety Rule Book for Field Operations dated March 31, 2012;

6

131391970.1

   c. US – Efficiency Test Manual on Operating Rules in Compliance with FRA 217.9 effective November 1, 2014 and applicable to Train and Engine, Engineering, Train Dispatchers, Operation Supervisors and Control Operators;

5. Relevant company policies including, but not limited to, CP's Code of Business Ethics, CP's Accident, Incident, Injury, and Occupational Illness Reporting Policy and Commitment Regarding Intimidation and Harassment (Policy 1819); Equal Employment Opportunity (Policy 1301) and other employment policies relevant to and applicable to Complainant's employment.

6. Applicable notices and orders relevant to the FRSA Complaint including, but not limited to, General Order No. A-4 dated January 1, 2015.

7. A copy of the UTU collective bargaining agreement which governs the terms and conditions of Complainant's unionized employment with CP.

8. Relevant job description(s) or documents describing job duties held by Plaintiff including but not limited to the position of conductor.

9. Complainant's relevant training history

10. Reports related to Complainant's alleged May 10, 2015 personal work injury

11. Respondent's July 30, 2015 Position Statement and exhibits submitted in connection with and opposition to Plaintiff's FRSA Complaint.

12. Respondent's April 4, 2016 response to Complainant's reply to CP's position statement and exhibits attached thereto.

13. OSHA's October 31, 2016 Findings and Dismissal of Complainant's FRSA Complaint.

14. To the extent not identified above, such additional documents related to Complainant's work performance, and any discipline and/or counseling, informal or formal, if any.

15. Any documents or information produced by Respondent and/or Complainant, including as supplemented thereto, including any other individual information and other documents or information related or

7

131391970.1

relevant to the claims, allegations or defenses in this matter, including in particular documents produced in support of Respondent's defense that it would have made the same decision even in the absence of the alleged protected activity.

Respondent reserves the right to revise, amend and supplement these disclosures as necessary and as the case progresses. As stated above, by these disclosures Respondent does not waive any defenses nor does Respondent waive the attorney-client privilege or other applicable privilege or protection nor any other defenses to production or admissibility.

**(C) A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under § 18.61 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

This request is inapplicable to Respondent at this time. To the extent it requires response from Respondent, Respondent denies that it violated the FRSA and denies that it is liable to Complainant for any remedy, damages or any other relief of any kind and, accordingly, submits that any remedy or relief sought by Complainant is inappropriate.

STINSON LEONARD STREET LLP

January 25, 2017

By: _____
Tracey Holmes Donesky (#0302727)
Greta Bauer Reyes (#0391100)
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: 612.335.1500
Fax: 612.335.1657
tracey.donesky@stinson.com
greta.reyes@stinson.com

*ATTORNEYS FOR RESPONDENT*

8

131391970.1